NAYLOR v. ANDERSON. (No. 8175.)

(Court of Civil Appeals of Texas. Ft. Worth. April 24, 1915. Rehearing Denied June 5, 1915.)

1. PRINCIPAL AND SURETY ⊜⇒126—DIRECTION OF SURETY TO SUE PRINCIPAL.

While Vernon's Sayles' Ann. Civ. St. 1914, arts. 6329, 6330, provide that a surety by notice in writing may require the holder of a contract for the payment of money forthwith to file suit thereon, and a failure of such creditor to institute suit at the first term of court thereafter, or at the second term, with a show-'ing of good cause, will discharge the surety, the notice must be equivalent to an explicit and peremptory demand that suit be brought; and a letter by a surety on a note, requesting that the payee collect from the principal, written in response to a demand for payment, is not sufficient to exonerate the surety where the payee did not sue the principal.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 430–450; Dec. Dig. ⊜⇒126.]

2. PRINCIPAL AND SURETY ⊜⇒129—LIABILITY OF SURETY—DISCHARGE.

Where a note contained a stipulation that the makers and indorsers waived presentation for payment, protest, notice thereof, and the bringing of suit at the first term of court, and consented that the time of payment might be extended without notice, the failure of the payee to sue the maker pursuant to the indorser's request will not discharge the indorser, the stipulation being a waiver of the statutes declaring that such failure should work a discharge.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 451–457; Dec. Dig. ⊜⇒129.]

Appeal from Knox County Court; J. H. Milam, Judge.

Action by John Naylor against T. M. Anderson. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

D. J. Brookreson, of Benjamin, for appellant. Jas. A. Stephens, of Benjamin, for appellee.

DUNKLIN, J. John Naylor instituted this suit against T. M. Anderson upon a promissory note executed by Anderson and W. D. Phy, payable to plaintiff, and from a judgment in favor of defendant, plaintiff has appealed.

In the petition plaintiff alleged that Phy was not sued because he was insolvent and a nonresident of the state, and that his residence was unknown.

The trial was by the court without the aid of a jury, and the following are the findings of fact and conclusions of law filed by the trial judge:

"Findings of Fact.

"First. The note sued on was executed by W. D. Phy as principal and T. M. Anderson as surety and said note has not been paid.

"Second. Said note was executed in taking up another note, made by E. V. Glover as principal and T. M. Anderson as surety, and payable to Sam Earnest, which was given for a span of horses bought by E. V. Glover from Sam Earnest, who retained a mortgage on said horses from Glover to secure the payment of the note.

"Third. On the execution of the note sued on the chattel mortgage was not renewed.

"Fourth. When the note sued on became due T. M. Anderson wrote to Homer Lee, president of First National Bank of Munday, who was holding said note for collection, that he was only surety on said note, and that W. D. Phy, the principal, had property, subject to execution, sufficient to pay off said note, and that he wanted him (Homer Lee) to collect the money from Phy to pay off the note. This letter was in reply to a letter from Homer Lee to T. M. Anderson, calling Anderson's attention to the date the note would become due and requesting payment.

"Fifth. After the letter written by T. M. Anderson to Homer Lee, suit was not instituted till the second term of county court of Knox county, Tex., which was the court of proper jurisdiction to bring the suit in, the first term having convened on the second Monday in January, 1913.

"Conclusions of Law.

"First. By reason of the failure of Homer Lee to bring suit against W. D. Phy, principal on said note, at the first term of the county court of Knox county, Tex., after having been given notice in writing by T. M. Anderson that he was only surety on said note, and that Phy was the principal, and that Phy had property, subject to execution, sufficient to pay said note, and that he wanted him (Lee) to make collection of the note from Phy, he (T. M. Anderson) was released from further liability on said note, and therefore gave judgment against plaintiff in this cause."

The facts so found were specially pleaded by Anderson, who further alleged, in substance, that at the time he wrote the letter to Homer Lee, mentioned in the findings, Phy resided in Knox county, where the suit was instituted, and owned seven head of horses and nine bales of cotton, all of which was legally subject to the payment of the note; that in the letter mentioned Anderson informed Homer Lee of those facts, and requested him to proceed at once against Phy to collect the note, but that plaintiff and his agent, Homer Lee, both negligently failed to comply with the request, and permitted Phy to dispose of his said property and to move his residence to the state of Oklahoma.

[1, 2] The note sued on purported to be the joint and several note of Phy and Anderson, and contained the following stipulation:

"The makers and indorsers severally waive presentment for payment, protest, and notice of protest and the bringing of suit at the first term of court upon nonpayment of this note after maturity, and also consent that time of payment may be extended without notice thereof."

Articles 6329, 6330, Vernon's Sayles' Tex. Civ. Stat., provide that a surety by notice in writing may require the holder of a contract for the payment of money forthwith to file suit thereon, and a failure of such creditor to institute suit thereon, at the first term of court convening thereafter, or at the second term, with a showing of good cause why suit was not filed at the first term, will discharge the surety. But the notice to the creditor contemplated by the statutes must be equivalent to an explicit and peremptory

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

demand that suit be instituted forthwith. The letter which Anderson addressed to Homer Lee, as found by the court, did not constitute such notice. National Bank of Commerce v. Gilvin, 152 S. W. 652, and authorities there cited. Furthermore, even though it should be held that the notice so given was in compliance with the statutes, still the stipulation contained in the note and quoted above clearly was a waiver of the defense provided by those statutes. Williams Bros. v. Rosenbaum, 79 S. W. 594; 2 Daniel on Negotiable Instruments, § 1092.

From the findings copied it will be noted that the court accorded to Anderson full benefit of the statutes referred to, and rendered judgment in his favor solely upon that statutory defense, without reference to any question of equities between the parties aside from the statutes. For the erroneous conclusions so reached, the judgment is reversed, and the cause is remanded.

Reversed and remanded.