* Writ of error dismissed for want of jurisdiction April 2, 1924. *Page 489 
Suit by T. J. Cammack against the R-L Lumber Company in trespass to try title, and for damages to 270 acres of land situated in Tyler county, Tex., and for injunction, restraining defendant from cutting and removing any timber from said land.
The defendant R-L Lumber Company answered by general demurrer, special exception, and general denial, and disclaimed any right in the land except as to the timber thereon, of which timber it alleged ownership by virtue of a timber deed executed by T. J. Cammack and wife to J. II. Riley and W. T. Flowers, and which defendant alleged passed by mesne conveyances to it, and impleaded J. H. Riley on his warranty to said defendant to the title to said timber.
Riley answered by general demurrer, general denial, and specially that on May 10, 1920, T. J. Cammack and his wife conveyed to him and W. T. Flowers, for a consideration of $3,000 cash, all the merchantable timber on said land, both pine and hardwood, and that he (Riley) had purchased the interest of said Flowers and conveyed same to appellee, R-L Lumber Company, and prayed for relief generally.
The case was tried to a jury, and, when the evidence was closed, the court was requested by both plaintiff and defendant to peremptorily instruct the jury in their favor. The plaintiff's motion was denied, but the court instructed the jury to find for the defendants, which they did, and upon which verdict judgment was rendered for the defendant R-L Lumber Company for the timber in question. Motion for a new trial being overruled, plaintiff appealed.
The deed from T. J. Cammack and wife, conveying the timber to Riley and Flowers, is as follows:
"The State of Texas, County of Tyler.
"Know all men by these presents: That we, T. J. Cammack and M. E. Cammack, of the county of Tyler, state of Texas, for and in consideration of the sum of three thousand dollars to us paid by J. H. Riley and W. T. Flowers, the receipt of which is hereby fully acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said J. H. Riley and W. T. Flowers of the county of Tyler, state of Texas, the merchantable timber both hardwood and pine, standing, lying and growing upon the following described tract of land in Tyler county, Texas, about 270 acres, more or less, part of the C.J. Horton 320-acre survey and for a more particular description of said timber reference is hereby made to the patent of said Horton survey, hereby granting to said J. H. Riley and W. T. Flowers and their assigns, the rights of ingress and egress for the purposes of cutting and removing said timber, with teams, wagons, or in every other way they may see fit or necessary for removing said timber, and it is understood and agreed that should it be necessary the said J. H. Riley and W. T. Flowers shall have eight years to cut and remove said timber from said land, provided, however, that if said land should be cut over and timber removed therefrom at any time before the expiration of said eight years, then in that event all the timber remaining on said land shall revert back to me, the said T. J. Cammack, and this contract shall cease to operate and be of no force whatever.
"And it is further agreed and understood by the parties here that, in cutting and removing said timber from said land, no land that is in cultivation shall be run over by teams, wagons, or any other implements that may be used in cutting or removing said timber.
"To have and to hold the above-described timber, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said J. H. Riley and W. T. Flowers, their heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend, all and singular the said timber unto the said J. H. Riley and W. T. Flowers, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.
"Witness our hands at Colmesneil, this 10th day of May, A.D. 1920.
"C.J. Cammack.
"M. E. Cammack."
May 20, 1920, Flowers and Riley sold the merchantable oak timber on said land to L. Knouse, the conveyance stipulating that Knouse should have two years in which to remove said timber, and that, if the land be cut over and said timber removed therefrom at any time before the expiration of two years, all timber remaining on said land should revert to said Flowers and Riley. Knouse, under his conveyance from Flowers and Riley, cut the oak timber on said land suitable for stave purposes, 18 inches in diameter and up. Flowers then conveyed his interest in the timber purchased by him and Riley from Cammack to Riley, and Riley conveyed all the timber, both pine and hardwood, then on said land to defendant R-L Lumber Company. The timber consisted *Page 490 
mainly of pine, oak, ash, gum, hickory, and cypress. The lumber company began cutting the timber, and this suit was brought by plaintiff and an injunction granted stopping the cutting of the timber until final trial in the district court. The timber would have been cut and removed within about six weeks if the defendant lumber company had not been stopped by the injunction.
The only question in the case is the construction of the timber deed from Cammack and wife to Riley and Flowers. Cammack contends that the provision in the deed that —
"If said land should be cut over and timber removed therefrom at any time before the expiration of said eight years then in that event all the timber remaining on said land should revert back to me, the said T. J. Cammack, and this contract shall cease to operate and be of no force whatever,"
— should be given a literal interpretation to the effect that, if at any time within the eight years any timber has been cut and removed from the land, said cutting exhausted the rights of the holder of the timber conveyance, and that all timber left on said land reverted to him (Cammack). This is manifest from the following proposition of appellant:
"When timber is sold and a time limit fixed for its removal, and a provision made to the effect that when the land is cut over and timber is removed therefrom, that all the timber left shall revert to the grantor, the purchaser or his assigns shall have the right to enter only one time and must take all the timber he gets at one continuous operation; and the effect of a failure to get all of the timber at one continuous operation is to work a forfeiture of his right to the timber not taken during the time the land is being cut over."
Under this proposition, appellant insists that as the oak stave timber was situated on practically every acre of the land, and as it has been "cut over" for the purpose of removing said oak stave timber, that said cutting exhausted all right conveyed by the timber deed to enter upon the land and cut and remove timber, and that the land cannot, under the contract, be again entered upon to cut and remove any other timber, but that all of the timber left upon the land when cutting the oak stave timber ceased reverted to appellant.
The general rule in construing contracts is to give effect to the intent of the parties. We think it plain that appellant sold and intended for the purchaser to have all the merchantable timber — pine, ash, gum, oak, hickory, and cypress — situated on the land, and the purchaser or his assigns should have eight years, if necessary, in which to cut and remove said timber, and that the clause in the contract providing that "if said land should be cut over and timber removed therefrom at any time before the expiration of said eight years, then in that event all the timber remaining on said land shall revert back to me, and this contract shall cease to operate and be of no force whatsoever," was intended to prevent the purchaser from going on the land and cutting the timber and then holding the timber rights for a number of years, and before the expiration of the time limit going back and again cutting all timber that had grown to be merchantable; in other words, that the cutting of the timber sold, the merchantable pine and hardwood, would prevent a second cutting, years afterward. We do not think the words "cut over" meant that when one kind of timber only was cut, unless all the other kinds of timber were cut at the same time, that the right to cut same within the time limit named in the contract was lost, but that when the timber sold — pine and hardwood — was cut and removed, then the land would be "cut over," and the right exhausted. Brooks v. Moss (Tex.Civ.App.) 175 S.W. 793.
In the case cited, in construing a clause in a contract similar to the one in question, the court said:
"In other words, it was intended by the grantor that, should the grantee remove the timber within a shorter period than that provided, to preclude him from re-entering upon the land to remove timber which previously had not been of suitable size for manufacture into lumber, but which, before the expiration of the longest time fixed by the deed, had grown to such size."
The contract does not provide that all the timber sold should be cut at one continuous cutting, nor that, when one kind of timber was cut, unless all the other kinds were cut at the same time, they could not be cut afterwards. It is without dispute that no pine nor ash nor gum nor hickory nor cypress was cut, and yet all of these that were merchantable were sold, and appellant received the cash therefor. That interpretation of contracts should be given as will carry out the intention of the parties, and if it be that the clause under consideration is of doubtful meaning, or is susceptible of being construed either as contended by appellant or by appellee, in such case the construction most favorable to the grantee must be given. We do not think it clear and certain that the parties intended that if any timber should be cut and removed before the expiration of the time limit, or that if just one kind of the merchantable timber sold should be cut and removed, that all of the other kinds of timber sold remaining upon the land, although the time limit for removal had not expired, was forfeited under the contract. In such case the rule is well settled that the doubt should be resolved in favor of the grantee. *Page 491 
This is not a suit to restrain appellee from cutting the timber because of the lapse of the time given in which to cut and remove it, but is a suit to enforce a claimed forfeiture under the contract of sale. Forfeitures are harsh and not favored by the law, and, if the language used by the parties in contracting is fairly susceptible of an interpretation which will prevent a forfeiture, it will be so construed.
We do not think that the contention of appellant finds support in the record, and therefore the judgment is affirmed.