LOUISIANA–PACIFIC CORP., Appellant,

v.

Thelma CAIN, Appellee.

No. 7635.

Court of Civil Appeals of Texas, Beaumont.

Dec. 30, 1974.

Rehearing Denied Jan. 16, 1975.

Bill F. McGraw, Jasper, for appellant.

Jimmy W. Nettles, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from an order granting a temporary injunction. Trial was before the court, and no findings of fact or conclusions of law were filed. The parties will be referred to here as they were in the trial court.

Plaintiff, Thelma Cain, brought this suit in the form of trespass to try title, against defendant, Louisiana-Pacific Corp. The trial court granted a temporary restraining order, and then, after a hearing, granted the temporary injunction complained about, which restrained defendant from cutting or removing timber.

The evidence shows that plaintiff executed a timber deed to defendant, dated August 9, 1973, which contained this paragraph:

> "The Buyer shall have one (1) year from date hereof to cut and remove said timber from said land hereunder and this contract shall terminate at the end of said one (1) year; provided, however, that because of uncertainty of weather and terrain conditions, the buyer may extend said period for six (6) additional months by paying the sum of five per cent (5%) of the contract price in cash to Seller."

The entire controversy centers around that paragraph, it being plaintiff's contention that a question of fact existed as to whether the weather or terrain conditions prevented defendant from cutting the timber within one year. Plaintiff argues that the defendant could exercise the option to extend cutting an additional six months only if the weather or terrain conditions interfered with the cutting. That defendant had the burden of proving facts to establish such conditions which it failed to do. On the other hand, defendant contends the wording of the above paragraph merely explains why it was given such an option, and that the time was extended when it tendered the amount of money called for. It is admitted the tender was made, and the only question before us is the construction of the timber deed as a whole, and the paragraph quoted above, specifically.

There are certain rules of construction by which we are obligated to examine the questions before us. It is agreed that the construction of a contract is a question of law for the courts to determine. It is also true that the question as to whether a provision in a contract is ambiguous is one of law for the courts to decide. Interpretation of a contract becomes a fact issue to be resolved by extrinsic evidence only when application of the rules of construction leave uncertainty as to which of their meanings is proper. Another rule of construction is that words of doubtful meaning must be construed against the grantor. See, Guaranty Nat. Bank & Trust of Corpus Christi v. May, 513 S.W.2d 613 (Tex.Civ.App.—Corpus Christi 1974, no writ); Sale v. Contran Corporation, 486 S.W.2d 161 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.); Cammack v. R–L Lumber Co., 258 S.W. 488 (Tex.Civ.App.—Beaumont 1924, writ ref'd).

Looking at this timber deed from its four corners, we have concluded that defendant was given a unilateral option to extend the period of time for cutting and removing the timber by the payment of the stated consideration. That the use of the words "because of uncertainty of weather . . . ." merely stated the reason defendant was given the option, and did not create a condition precedent. This timber deed did not say "if the weather is bad and defendant is prevented from cutting and removing the timber, that defendant is given an option." To place that construction upon the paragraph in question would result in an illogical conclusion, not shown to be the intent of these parties. Some of the questions which would then arise are: How bad would the weather have to be? How long would the weather have to be bad? Who would decide whether the weather was bad, and how would that be decided?

■ The trial court erred in its construction of the extension agreement; and, under the uncontradicted facts shown in our record, abused its discretion in granting the temporary injunction. Defendant's point of error is sustained.

Defendant had only a six-month extended period within which to remove the timber from plaintiff's land. The temporary injunction secured by plaintiff has exhausted most of that period. Therefore, since plaintiff invoked the equitable jurisdiction of the court, we invoke the time-honored principle that he who seeks equity must do equity, and hold that the six-month extension of time to cut and remove the timber in question shall begin to run on the date this judgment becomes final. See Gaffney v. Kent, 74 S.W.2d 176 (Tex.Civ. App.—San Antonio 1934, no writ); Jones v. Gibbs, 133 Tex. 645, 130 S.W.2d 274 (Tex.Comm'n App.1939, jdgmt adopted); Bevil v. Kirby Lumber Co., 58 S.W.2d 843 (Tex.Civ.App.—Beaumont 1933, no writ); and, generally, 27 Am.Jur.2d Equity § 132 at 662–663 (1966).

Reversed and temporary injunction dissolved.