**Frank MAYKUS, Jr., Appellant,**

v.

**TEXAS BANK & TRUST COMPANY OF DALLAS, Appellee.**

**No. 19164.**

Court of Civil Appeals of Texas, Dallas.

April 18, 1977.

Harry J. Joe, Dallas, for appellant.

Don Black, Marks & Black, Dallas, for appellee.

ROBERTSON, Justice.

Frank Maykus, Jr., appellant, was sued by Texas Bank & Trust Company on a guaranty agreement by which he allegedly personally guaranteed an obligation of Maykus Diversified, Inc., a corporation which he controlled. In defense, appellant asserted that the guaranty was not executed to secure the corporate obligation and, alternatively, that the guaranty agreement was not supported by consideration. The trial court directed a verdict for the bank, and this appeal followed. We affirm.

On December 4, 1972, appellant, in his corporate capacity as president of Maykus Diversified, Inc., executed a promissory note payable to Texas Bank & Trust Company. A series of related transactions stemmed from this obligation, including the execution of a second promissory note by Maykus in both his individual and corporate capacities. On August 8, 1973, appellant renewed the second note in his corporate capacity, and subsequent to this renewal, a guaranty agreement was executed and signed "Frank Maykus=Maykus Diversified, Incorporated." When the corporation defaulted on the underlying obligation, the bank sued appellant individually, claiming that he had personally guaranteed the corporate debt. At trial, appellant contended that the guaranty agreement described above did not secure the corporate obligation and, alternatively, that there was no consideration of the guaranty. The trial court rejected these arguments and directed a verdict for the bank as a matter of law.

The scope of our review in this case is necessarily restricted. Appellant does not contend that the trial court's construction of the guaranty was erroneous; rather, he merely asserts that the trial

court erred in taking the issue of construction from the jury. On this point, we cannot agree with appellant. In the absence of ambiguity, the construction of a contract is a question of law to be decided by the court. *Louisiana-Pacific Corp. v. Cain,* 519 S.W.2d 528, 529 (Tex.Civ.App. - Beaumont 1974, writ ref'd n. r. e.); *Maykus v. First City Realty and Financial Corp.,* 518 S.W.2d 887, 893 (Tex.Civ.App. - Dallas 1974, no writ). The obligations of the parties are to be ascertained from the language of the document, and the determination of the legal effect of a written instrument is not within the province of the jury. *Burgess v. Sylvester,* 143 Tex. 25, 182 S.W.2d 358, 360 (1944); *Wynnewood State Bank v. Embrey,* 451 S.W.2d 930, 932 (Tex.Civ.App. - Dallas 1970, writ ref'd n. r. e.). In this case, appellant apparently seeks to have the jury determine the meaning of "Frank Maykus =Maykus Diversified, Incorporated"; however, appellant did not plead or assert that this language was ambiguous. Appellant's counsel confirmed this in oral argument by conceding that ambiguity was not an issue. Under the authorities, the construction of an unambiguous contract is not a jury issue. We must, therefore, overrule this point.

■ In addressing appellant's assertion of lack of consideration, we begin with the rule that all written contracts are presumed to be supported by consideration. This is a statutory presumption designed to import consideration in the absence of the formality of a seal. Tex.Rev.Civ.Stat.Ann. art. 27 (Vernon 1969); *Unthank v. Rippstein,* 386 S.W.2d 134, 138 (Tex.1964); *Waters v. Waters,* 498 S.W.2d 236, 240–41 (Tex.Civ. App. - Tyler 1973, writ ref'd n. r. e.). The guaranty agreement thus imports consideration, and the burden is on the defendant to show that none was actually received. This burden is not shifted by the filing of a sworn plea, for such a plea merely puts the consideration in issue. *Newton v. Newton,* 77 Tex. 508, 14 S.W. 157, 158 (1890); *Decor Dimensionals v. Smith,* 494 S.W.2d 266, 268 (Tex.Civ.App. - Dallas 1973, no writ). Therefore, the issue before us is whether appellant presented sufficient evidence to refute the statutory presumption. We conclude that he has not.

■ The promissory note is dated August 8, 1973. The guaranty is dated August 15, 1973. Appellant urges that since the guaranty agreement does not appear to have been executed contemporaneously with the note, it must be supported by new consideration. *Cf. King v. Wise,* 282 S.W. 570 (Tex.Com.App.1926, jdgmt adopted); *Trinity Universal Ins. Co. v. Plainview Hospital and Clinic Foundation,* 385 S.W.2d 732 (Tex.Civ.App. - Amarillo 1964, no writ); *Simmang v. Farnsworth,* 24 S.W. 541 (Tex. Civ.App.1893, no writ). Appellant asserts that by showing the discrepancy in the dates of the two instruments he shifted the burden to the bank to show actual new consideration. We do not agree. As a separate written agreement, the later guaranty agreement imports its *own* consideration and does not depend on the consideration which supports the note. Although the apparent discrepancy in execution may negate consideration from the original transaction, it does not refute the presumption of new and *independent* consideration inherent in the separate guaranty agreement. Thus, mere evidence of a time discrepancy in execution between a note and a written guaranty agreement is legally insufficient to rebut the statutory presumption of consideration which supports a separate guaranty accord. The trial court properly directed a verdict for the bank.

Judgment affirmed.