ACCEPTED
12-14-00344-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/18/2015 1:29:24 PM
CATHY LUSK
CLERK

NO. 12-14-00344-CV

IN THE TWELFTH COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/18/2015 1:29:24 PM
CATHY S. LUSK
Clerk

AT TYLER, TEXAS

**VICTOR LISSIAK, JR.,**

*Appellant*

V.

**SW LOAN OO, L.P.,**

*Appellee*

*On Appeal from the 7th Judicial District Court, Smith County, Texas*
*The Honorable Kyle Russell Presiding in Trial Court Case Number 12-0384-A*

**APPELLANT'S REPLY BRIEF**

THE HOLMES LAW FIRM, INC.
Robert H. Holmes
SBN 09908400
3401 Beverly Drive
Dallas, Texas 75205
Telephone: 214-384-3182
Facsimile: 214-522-3526
Email: rhholmes@swbell.net

ATTORNEYS FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

Appellant submits the following list of all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel pursuant to Tex, R. App. P. 38.1(a)

Appellant (defendant in the trial court):   Victor Lissiak, Jr.

Represented by (In Trial and On Appeal):   The Holmes Law Firm, Inc.
Robert H. Holmes
SBN 09908400
3401 Beverly Drive
Dallas, Texas 75205
Telephone: 214-384-3182
Email: rhholmes@swbell.net

Appellee (Plaintiff in Trial Court):   S.W. LOAN OO, L.P.

Represented by (In Trial and On Appeal):   Stephen Sakonchick II
Stephen Sakonchick II, P.C.
6501 Canon Wren Drive
Austin, Texas 78746
Telephone: 512-329-0375
Facsimile: 512-697-2859
Email: sakon@flash.net

APPELLANT'S REQUEST FOR ORAL ARGUMENT

Appellant, Victor Lissiak, Jr., respectfully request the opportunity to present oral argument in connection with this appeal.

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

APPELLANT'S REQUEST FOR ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

INDEX OF ABBREVIATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

REPLY TO RESPONSE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A. REPLY TO GENERAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        A.1. Implicit Overruling of Appellant's Objections to Appellee's Summary Judgment Evidence and Sustaining Appellee's Objections to Appellant's Summary Judgment Evidence . . . . . . . . . . . . . . . . . . . . . 3
        A.2. Alternatively, Objections to defects in Appellant's Summary Judgment Evidence Brought Forward as Cross-Points . . . . . . . . . . . . 5
            A.2.1. Defects in the Lissiak Affidavit. . . . . . . . . . . . . . . . . . . . 5
            A.2.2. Defects in the Don Affidavit. . . . . . . . . . . . . . . . . . . . . . 6
            A.2.3. Defects in the Holmes Declaration. . . . . . . . . . . . . . . . . 6
        A.3. Elements for a Suit on a Note . . . . . . . . . . . . . . . . . . . . . . . . . 7
        A.4. Summary Judgment Evidence to Prove Up a Note . . . . . . . . . . . 7
        A.5. Appellee's Summary Judgment and Prima Facie Case. . . . . . . . 8

B. REPLY RESPONSE TO RESTATED ISSUES. . . . . . . . . . . . . . . . . . . . . . . . 9

REPLY TO RESTATED ISSUE NO. 1. The trial court erred in granting a summary judgment because the were disputed fact issues on elements of Appellee's claim; therefore, the burden never shifted to Appellant. . . . . . . . . . . . . . . . . . . . . . . . . . 9

    RESTATED ISSUE NO. 1A. Holder Status. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    RESTATED ISSUE NO. 1B. Appellee's Signature on $2.5 Note . . . . . . . . . . . . 9

RESTATED ISSUE NO. 1C. Consideration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

RESTATED ISSUE NO. 1D. Cancellation of Note. . . . . . . . . . . . . . . . . . . . . . 12

RESTATED ISSUE NO. 1E. Doctrine of Estoppel.. . . . . . . . . . . . . . . . . . . . . . 13

REPLY TO RESTATED ISSUE NO. 2. Alternatively, The trial court erred in granting a summary judgment because Appellant raised disputed issues of material fact on elements of Appellee's claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

RESTATED ISSUE NO. 2A Holder in Due Course Status.. . . . . . . . . . . . . . . . 14

RESTATED ISSUE NO. 2B. Authenticity/Genuineness of Signature. . . . . . . . 14

RESTATED ISSUE NO. 2C. Failure of Consideration.. . . . . . . . . . . . . . . . . . . 14

REPLY TO RESTATED ISSUE NO. 3. The trial court erred in granting a summary judgment because Appellant submitted competent summary judgment proof to create issue of the affirmative defenses pled by Appellant.. . . . . . . . . . . . . . . . . . . . . . 14

REPLY TO RESTATED ISSUE NO. 4. The trial court erred in granting a summary judgment because Appellee's summary judgment proof was not competent summary judgment evidence.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

REPLY TO RESTATED ISSUE NO. 5. The trial court erred in granting a summary judgment because the trial court abused its discretion. . . . . . . . . . . . . . . . . . . . 16

CONCLUSION AND PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF AUTHORITIES

A. TABLE OF CASES

*Alejandro v. Bell,* 84 S.W.3d 383, 388
(Tex.App.–Corpus Christi 2002, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Braugh v. Corpus Christi Bank & Trust,* 605 S.W.2d 691, 696
(Tex.Civ.App.–Corpus Christi 1980, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . 12

*Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). . . . . . . . . . . . . . . . 15

*Burns v. Gonzalez,* 439 S.W.2d 128, 133
(Tex.Civ.App.–San Antonio 1969, writ ref'd n.r.e.). . . . . . . . . . . . . . . . 1, 7, 10

*Canfield v. Bank One, Texas, N.A.* 51 S.W.3d 828
(Tex.App. 6 Dist. 2001pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Dolcefino v. Randolph,* 19 S.W.3d 906, 926-27
(Tex.App.–Houston [14th Dist.] 2000, pet. denied). . . . . . . . . . . . . . . . . . . 4

*Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970). . . . . . . . . . . . . . 1

*Harvey v. Harvey* 40 S. W. 185  (Tex.Civ.App.1897). . . . . . . . . . . . . . . . . . 1, 7

*Hays v. First State Bank of Dell City,* Tex.Civ.App., 377 S.W.2d 210, 212
(Tex.App.–Amarillo, 1964 writ ref., n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . 13

*Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471-72 (Tex.1991). . . . . . . . . . . . 1

*Limestone Prods. Distrib. v. McNamara,* 71 S.W.3d 308, 311 (Tex.2002). . . . . . . 2

*McGraw v. Brown Realty Co.,* 195 S.W.3d 271, 276
(Tex.App.–Dallas 2006, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Maykus v. Tex. Bank & Trust Co. of Dallas,* 550 S.W.2d 396, 398
(Tex.Civ.App.–Dallas 1977, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Marek v. Tomoco Equip. Co.,* 738 S.W.2d 710, 714
(Tex.App.–Houston [14th Dist.] 1987, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Neely v. Wilson*, 418 S.W.3d 52, 59-60 (Tex.2013). . . . . . . . . . . . . . . . . . . . . . . . 2

*Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex.1995). . . . . . . . . . 1

*Priest v. First Mortgage Company of Texas, Inc.,* 659 S.W.2d 869, 871
(Tex .Civ.App.–San Antonio 1983, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . 12

*Steiner v. Jester*, 25 S. W. 411, (Tex.1894). . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,7

*Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Trusty v. Strayhorn*, 87 S.W.3d 756, 762-63
(Tex.App.–Texarkana 2002, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wesson v. Jefferson S&L Ass'n*, 641 S.W.2d 903, 906 (Tex.1982). . . . . . . . . . . . 2

*Wilcox v. Hempstead,* 992 S.W.2d 652, 656–57
(Tex.App.–Fort Worth 1999, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Willis v. Nucor Corp.,* 282 S.W.3d 536, 547 (Tex.1980). . . . . . . . . . . . . . . . . . 5, 9

*Wilson v. Skaggs*, 10 Tex. 298, 1853 WL 4340 (Tex.1853). . . . . . . . . . . . . . . . 1, 7

B. TABLE OF STATUTES

Tex.Bus. & Com. Code § 1.201(8). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex.Bus. & Com. Code § 3.308. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex.Bus. & Com. Code § 3.401(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex.R. Civ. P. 93(7). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

# INDEX OF ABBREVIATIONS

The record will be referred to herein as follows:

Clerk's Record.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CR \_\_\_

Supplemental Clerk's Record. . . . . . . . . . . . . . . . . . . . . . . . . . .  SCR \_\_\_

By way of example, a reference to:
pages 14-17 of the Clerk's Record will be cited as CR14-17.
pages 14-17 of the Supplemental Clerk's Record will be cited as SCR14-17.

**REPLY TO RESPONSE**

**A. REPLY TO GENERAL ARGUMENT IN APPELLEE'S RESPONSE:**

As Appellee states, this a "simple case." In is simple that when a party seeking to collect on a note is not a holder in due course; and the authenticity/genuineness of maker's signature on the note is raised by verified pleadings, it is simple the party seeking to collect has the burden to prove the authenticity/genuineness of maker's signature. *Burns v. Gonzalez,* 439 S.W.2d 128, 133 (Tex.Civ.App.–San Antonio 1969, writ ref'd n.r.e.); *Wilson v. Skaggs*, 10 Tex. 298, 1853 WL 4340 (Tex.1853); *Steiner v. Jester*, 25 S. W. 411, (Tex.1894); *Harvey v. Harvey* 40 S. W. 185 (Tex.Civ.App.1897). The problem with Appellee's argument is - It Simply Did Not Do That.

Moreover, in a summary judgment proceeding, a court may not grant a summary judgment if there exists any genuine issue of material fact. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970), thus a court can grant the motion only when the movant's evidence, as a matter of law, either proves all the elements of the movant's claim or disproves the facts of at least one element of each of the nonmovant's claims or defenses. *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex.1995); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471-72 (Tex.1991).

1

When evaluating a motion for summary judgment based on summary judgment proof, the trial court must:

Assume all the nonmovant's proof is true. *Limestone Prods. Distrib. v. McNamara*, 71 S.W.3d 308, 311 (Tex.2002); make every reasonable inference in favor of the nonmovant; *Neely v. Wilson*, 418 S.W.3d 52, 59-60 (Tex.2013); resolve doubts about the existence of a genuine issue of a material fact against the movant. *Id.* at 59-60.

If a plaintiff does not conclusively establish all the elements necessary to its cause of action, a summary judgment is improper. *Wesson v. Jefferson S&L Ass'n*, 641 S.W.2d 903, 906 (Tex.1982).

Moreover, where the maker's signature was forged, the maker cannot be liable since his valid signature does not appear on the instrument. *Canfield v. Bank One, Texas, N.A*. 51 S.W.3d 828 (Tex.App. 6 Dist. 2001pet. denied).

It is clear from the record, Appellant disputed the authenticity/genuineness of his signature in sworn pleadings (CR242¶4.14) and by way of summary judgment proof. (SCR24-27). Thus the burden of proof shifted to the Appellee; however, Appellee submitted not one shred of proof on that issue - the record is void. Appellant's evidence raises a disputed fact issue, left unaddressed by the Appellee in the trial court and in the record before this court - there were disputed fact issues before the

trial court.

What is further ironic and inconsistent about the decision of the trial court, is that there is clearly a disputed fact issue arising from the live pleadings in the case, to wit: Light sought contribution in the trial court case from Appellant (CR1¶31-33) under a note dated the same date as the 2008 Note but not executed by Appellant (CR95); and Light further alleged that he, Light, had paid Appellant's obligations under the note to SNB (CR1¶32) thus extinguishing Appellant's liability to SNB. Then Appellee sought collection from Appellant under the 2008 Note, allegedly paid by Light (CR1¶32). That alone is sufficient convoluted facts to raise more than a scintilla of a disputed fact issue.

Without being redundant and relying on the cases cited by the Appellant in his brief-in-chief:

•when the movant does not meet its burden of proof, the burden does not shift to the nonmovant and the summary judgment must be denied;

•if the movant meets its burden, all the nonmovant must do to preclude a summary judgment is raise a disputed fact issue;

•in reviewing a summary judgment an appellate court considers all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary

evidence unless reasonable jurors could not; and

•the evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence.

Just the facts pertaining to the issues set forth above would cause reasonable and fair-minded jurors to differ in their conclusions, thus the summary judgment should be over-turned.

**Reply to Implicit Overruling of Appellant's Objections to Appellee's Summary Judgment Evidence and Sustaining Appellee's Objections to Appellant's Summary Judgment Evidence**

It is clear from the cases cited by the Appellant and the Appellee, if a party does not get a ruling on an objection to summary judgment proof or object to the court's refusal to rule, and have either the ruling or the objection to the refusal to rule included in the appellate record, the objections are waived. *Wilcox v. Hempstead,* 992 S.W.2d 652, 656–57 (Tex.App.–Fort Worth 1999, no pet.). However, a trial court implicitly rules on objections to summary judgment evidence where a party complained in his motion for new trial of the trial court's refusal to rule on his objections. *Alejandro v. Bell,* 84 S.W.3d 383, 388 (Tex.App.–Corpus Christi 2002, no pet.); *Dolcefino v. Randolph,* 19 S.W.3d 906, 926-27 (Tex.App.–Houston [14th Dist.] 2000, pet. denied). That is the status of the record before this court as Appellant filed a Motion for New Trial. (CR639-649 & CR655-679). However, the Trial

4

Court's rulings, implicitely granting Appellee's objections and over-ruling the Appellant's objections is error and before this Court by way of the Appellant's Brief.

Defects in the substance of an affidavit or its attachments can be raised for the first time on appeal. *Willis v. Nucor Corp.,* 282 S.W.3d 536, 547 (Tex.1980).

**Reply to Alternative Objections to defects in Appellant's Summary Judgment Evidence Brought Forward as Cross-Points**

Appellee mis-states and mis-applies the ruling in *Trusty v. Strayhorn*, 87 S.W.3d 756, 762-63 (Tex.App.–Texarkana 2002, no pet.), in that *Trusty* at 763-64 states:

> ". . . . a party seeking affirmance of a summary judgment is required to object to the claimed defects in the form of the summary judgment affidavits . . . . Therefore, a party seeking to rely on defects in the form of summary judgment affidavits must object to those defects in the trial court, and such defects cannot form the basis for affirming summary judgment unless the party objected to those defects in the trial court. . . . the objecting party must also obtain a ruling on the objections. If such objections are made, the adverse party must seek an opportunity to amend its summary judgment proof."

It is clear that both parties made objections to the summary judgment affidavits; it is also clear that the Trial Court made no ruling, even if it considered the objections; it is further clear that Appellant did not have the opportunity to amend his summary judgment proof, even in the face of the Motion for New Trial; therefore, there is reversible error in the record before the Court.

**Reply to Defects in the Lissiak Affidavit**

The Lissiak Affidavit clearly sets forth how he obtained the knowledge of the

facts he states - he was a Member of the General Partner of the Stretford (CR24, ¶4, 6); he had direct communications with (CR24, SNB ¶¶ 15, 19, 20). Moreover, the record is replete with facts supportive of Lissiak's statements, to wit among other things: the Petition of Light (CR1-49), the Omnibus Agreement (SCR181-216), and the CSA (SCR65), all in the summary judgment record and before the Trial Court.

**Reply to Defects in the Don Affidavit**

Likewise, the Don Affidavit clearly sets forth how he obtained the knowledge of the facts he states - he was the organizer of the Stretford Project and a Managing Member of the General Partner of the Stretford (CR29, ¶¶2-6). Moreover, Don's statements are supported by Exhibits attached to his affidavit. (CR33-62). Personal knowledge may be inferred when the affidavit furnishes any information beyond a conclusory recital of such. *Marek v. Tomoco Equip. Co.,* 738 S.W.2d 710, 714 (Tex.App.–Houston [14th Dist.] 1987, no writ).

**Reply to Defects in the Holmes Declaration**

By its objections and continued objections to the Holmes Affidavit, Appellee is basically saying "HIDE THE FACTS, STEALTH THE DEAL." the CAS attached to the Holmes Affidavit was produced to Holmes and under a confidentiality agreement; however, that agreement does not preclude the entry of

that document int court records. Moreover, Appellee has not and can not cite any cases to support his argument that its objections must be sustained.

**Reply to Elements for a Suit on a Note**

Appellee is correct, Appellee must prove among the other elements that the party sued signed the note - that is was the threshold question before the Trial Court, and that issue was disputed - Appellant should have been allowed to present that fact issue to the determination by reasonable and fair minded jurors.

**Reply to Summary Judgment Evidence to Prove Up a Note**

Again, Appellee wishes to confuse the burdens of proof. As well established law requires, the burden to prove the authenticity of the signature on a note is placed on the party seeking to collect. *Burns,* 439 at 133; *Wilson*, 10 Tex. 298, 1853; *Steiner*, 25 S. W. 411; *Harvey* 40 S. W. 185.

Appellant specifically denied in verified pleadings and summary judgment proof by way of affidavit that his signature was not authentic. (SCR26, ¶27). basically Appellant states his signature was a forgery or a photo shop placement, which would have clearly been exposed in a trial before a jury - the bright light would have shown on the forger.

Appellee presents absolutely no evidence from anyone about the authenticity of Appellant's signature; the validity of the 2008 Note; or attempts to explain the

inconsistency of the disputed facts in the records, what Appellee does is by way of three disconnected witness to say - we have a note that bears the likeness of the signature of the Appellant so we have the right to collect under that instrument without regard of whether the signature is genuine. (CR208-223). Moreover, those witnesses completely ignore the facts stated in the CSA, a document executed by the Appellee, which clearly present disputed fact issues related to the existence as well as the validity of the 2008 Note.

**Reply to Appellee's Summary Judgment and Prima Facie Case**

Appellee's argument that it has a prima facie cases should have fallen flat in the Trial Court, but it did not, so this Court must correct that erroneous ruling. While the Affidavits of Bates, Mortimer and Lang meet certain criteria, those affidavits contain no direct knowledge about the validity of the 2008 Note or authenticity of the signature of Lissisk; failure of consideration; fraud in the inducement or other affirmative defenses of the Appellant; consequently, there is no prima facie case - the burden shifted to the Appellee in the pleadings; Appellee never met its burden in the summary judgment proceeding. See arguments above.

In this regard, Appellee wants this Court to conclude from the review of the 2008 Note and the affidavits of dis-interested witnesses that the Appellant's signature is authentic and not a forgery or some computer placed signature is

8

contrary to the law. A conclusion in an affidavit unsupported by evidence is a defect in substance and an objection in the trial court is not required to preserve the complaint for appellate review. *Willis v. Nucor Corp.,* 282 S.W.3d 536, 548 (Tex.1980).

## B. REPLY TO RESTATED ISSUES

### REPLY TO ISSUE NO. 1. THE TRIAL COURT ERRED IN GRANTING A SUMMARY JUDGMENT BECAUSE THE WERE DISPUTED FACT ISSUES ON THE FOLLOWING ELEMENTS OF APPELLEE'S CLAIM; THEREFORE, THE BURDEN NEVER SHIFTED TO APPELLANT:

To prevail in a suit on a promissory note, the parties agree that the law provides a plaintiff must prove among other things: (i) the defendant signed the note and (ii) there is a certain balance was due and owing on the note. In this case, the record is replete with disputed fact issues on (i) the authenticity of Appellant's signature and (ii) was there a balance due and owning under the 2008 Note. See Lissiak Affidavit (SCR26, ¶27); the Petition of Light (CR1-49); and the CSA (SCR65).

### REPLY TO ISSUE NO. 1A. HOLDER VS. HOLDER IN DUE COURSE.

Appellee admits it is only a holder of the 2008 Note and is subject to all defenses to the collection thereof; therefore, where a sworn pleading denies that a party is a holder in due course the burden to prove the contrary is on the party claiming to be a holder in due course.

### REPLY TO ISSUE NO. 1B. VALIDITY/AUTHENTICITY OF SIGNATURE.

It is clear, a Rule 93(7) verified denial challenges the authenticity of the document and addresses the document's admissibility as an evidentiary issue. Tex.R. Civ. P. 93(7). A sufficient sworn denial of the execution of a note, such as filed by Appellant in this case, imposes upon a plaintiff seeking to enforce payment on the note, the burden of establishing its execution by the defendant or by one authorized to bind him. *Burns* 439 S.W.2d at 133, and the other cases cited above.

The UCC has codified that law, stating:

". . . the authenticity of . . . . each signature on the instrument are admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity . . . ."

Tex. Bus. & Com. Code § 3.308 (a).

Thus under the UCC, Appellee has the burden of persuading the trier of fact that the existence of the authenticity of Applelleant's signature is more probable than its nonexistence. Tex. Bus. & Com. Code § 1.201 (8).

Moreover, in salient part, the UCC Comment to § 3.308 states:

". . . . The purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice of the defendant's claim of forgery or lack of authority as to the particular signature, and to afford the plaintiff an opportunity to investigate and obtain evidence. . . . In the absence of such specific denial the signature stands admitted, and is not in issue. . . . The question of the burden of establishing the signature arises only when it has been put in issue by specific denial. "Burden of establishing" is defined in Section 1-201. The

10

burden is on the party claiming under the signature, but the signature is presumed to be authentic and authorized except as stated in the second sentence of subsection (a). "Presumed" is defined in Section 1-201 and means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid. The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of, or more accessible to, the defendant. The defendant is therefore required to make some sufficient showing of the grounds for the denial before the plaintiff is required to introduce evidence. The defendant's evidence need not be sufficient to require a directed verdict, but it must be enough to support the denial by permitting a finding in the defendant's favor. Until introduction of such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff. The presumption does not arise if the action is to enforce the obligation of a purported signer who has died or become incompetent before the evidence is required, and so is disabled from obtaining or introducing it. "Action" is defined in Section 1-201 and includes a claim asserted against the estate of a deceased or an incompetent."

Here, the Trial Court erroneously removed from the purview of a jury to determine whether the Appellant's signature was authentic or was it a forgery of some kind; therefore, the judgment of the Trial Court must be corrected.

As shown by the uncontroverted sworn summary judgment proof presented by Appellant, Appellant disputed the authenticity of his signature on the Note, and that is a disputed fact issue.

### REPLY TO ISSUE NO. 1C. FAILURE OF CONSIDERATION.

It is clear the affirmative defense of failure of consideration defeats a summary judgment if the nonmovant presents evidence he did not receive the consideration

11

set forth in the agreement. *McGraw v. Brown Realty Co.,* 195 S.W.3d 271, 276 (Tex.App.–Dallas 2006, no pet.). Contrary to the unsupported legal and factual arguments of Appellee, when parties reduce their agreement to writing, the written contract set forth the agreement of the parties on consideration. Here, the written contract provided that SNB would advance funds to the Appellant and others, it did not do that, as evidenced by Appellant showing he actually received none, (SCR26¶¶23-25; SCR31¶¶23-25), thus there was a failure of consideration, or at the least a disputed fact on that issue. *Maykus v. Tex. Bank & Trust Co. of Dallas*, 550 S.W.2d 396, 398 (Tex.Civ.App.–Dallas 1977, no writ).

**REPLY TO ISSUE NO. 1D. CANCELLATION OF NOTE.**

Tex.Bus. & Com.Code § 3.401(a) provides: "[n]o person is liable on an instrument unless his signature appears thereon." It is also clear an agreement to extend the time of payment of a negotiable instrument constitutes a new contract between the parties. *Priest v. First Mortgage Company of Texas, Inc.,* 659 S.W.2d 869, 871 (Tex .Civ.App.–San Antonio 1983, writ ref'd n.r.e.). The execution of a renewal note is generally treated as a new contract, evidencing the existing debt. *Priest,* 659 S.W.2d at 871; *Braugh v. Corpus Christi Bank & Trust,* 605 S.W.2d 691, 696 (Tex.Civ.App.–Corpus Christi 1980, writ ref'd n.r.e.).

It is clear from the record shown and as shown in the CSA, Light alone

12

renewed and extended the 2008 Note at least three times; therefore, whether the Renewal Notes extinguished the Short-Term Notes and/or the 2008 Note, are disputed fact issues - summary judgment was improper. *Hays v. First State Bank of Dell City*, Tex.Civ.App., 377 S.W.2d 210, (Tex.App.–Amarillo, 1964 writ ref., n.r.e.).

What is also clear, the Short-Term Notes were not transferred to Appellee and they no longer exist - they were deemed to have been marked paid in full and returned to Light in the CSA (SCR65); therefore, there is a disputed fact issue to whether the 2008 Note was extinguished by the terms of the Omnibus Agreement and/or the Renewal Notes.

**REPLY TO ISSUE NO. 1E. DOCTRINE OF ESTOPPEL**

The parties agree on the law pertaining to promissory estoppel - it prevents "a party from insisting upon [its] strict legal rights when it would be unjust to allow [it] to enforce them."

Appellee stepped into the shoes of its predecessor, SNB, and is not a holder-in-due-course; therefore, Appellee is subject to the oral agreements made by SNB to Appellant and the other co-makers of the Short-Term Notes as set forth in the Affidavits of Lissiak and Don. (SCR25-26¶¶19, 20; SCR31¶¶20, 21). When SNB failed to honor those agreements, Appellee as the assignee became subject to

honor those agreements and when it did not do that, it became subject to the defense of promissory estoppel. The Appellant provided sufficient evidence that preclude a summary judgment. (CR25 ¶¶19, 20, 21, 22) & (CR31 ¶¶20, 21, 22, 23 and the Exhibits referred to in those paragraphs)

**REPLY TO ISSUE NO. 2. ALTERNATIVELY, APPELLANT RAISED DISPUTED ISSUES OF MATERIAL FACT ON ELEMENTS OF APPELLEE'S CLAIM.**

**REPLY TO ISSUE NO. 2A. HOLDER IN DUE COURSE.**

Appellant does not reply further.

**REPLY TO ISSUE NO. 2B. AUTHENTICITY/GENUINENESS OF SIGNATURE.**

Appellant does not reply further, except to say, the evidence is clear, the Short-Term Notes went not transferred to Appellee, and the evidence is disputed about the authenticity of Appellant's signature on the 2008 Note. The UCC speaks to ". . . the authenticity of . . . . each signature on the instrument . . . ." Tex. Bus. & Com. Code § 3.308 (a), a disputed fact issue which Appellant clearly placed before the Trial Court.

**REPLY TO ISSUE NO. 2C. FAILURE OF CONSIDERATION.**

Appellant does not reply further.

**REPLY TO ISSUE NO. 3. THE TRIAL COURT ERRED IN GRANTING A SUMMARY JUDGMENT BECAUSE APPELLANT SUBMITTED COMPETENT SUMMARY JUDGMENT PROOF TO CREATE ISSUES ON THE AFFIRMATIVE DEFENSES PLED BY APPELLANT.**

Appellant does not reply further, except to repeat - While the burden is on the

party opposing a summary judgment to come forward with evidence supporting each element of the affirmative defenses plead, a defendant is not required to prove his affirmative defense as a matter of law, he is only required to raise fact issue on each element of the affirmative defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). Appellant did that. (SCR1-216).

**REPLY TO ISSUE NO. 4. THE TRIAL COURT ERRED IN GRANTING A SUMMARY JUDGMENT BECAUSE APPELLEE'S SUMMARY JUDGMENT PROOF WAS NOT COMPETENT SUMMARY JUDGMENT EVIDENCE.**

Appellant does not reply further, except to repeat - Competent summary judgment proof must be clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted. Conclusory statements in affidavits are not competent evidence to support a summary judgment. To be competent summary judgment proof an affidavit must be made on personal knowledge, and are conclusory as a matter of law if the affiant fails to provide underlying facts supporting the affiant's statements. In this regard, Appellee's summary judgment evidence consists of four affidavits: Brent A Bates, L. Read Mortimer, Anson Lang and Kyle A. Owens. (CR208-225)

Bates, an employee of SNB, is merely a custodian of records, and not familiar with the Stretford loan transactions other than in a custodial manner. (CR219)

Mortimer, an employee of Appellee is also merely a custodian of records, and not

familiar with the Stretford transactions at SNB in any manner. (CR208)

Lang, an employee of Situs Asset Management, is even more remote to the Stretford transactions at SNB and his statements are hearsay and conclusions. (CR 213)

**REPLY TO ISSUE NO. 5. THE TRIAL COURT ERRED IN GRANTING A SUMMARY JUDGMENT BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION.**

Appellant does not reply further.

## CONCLUSION & PRAYER

The Trial Court erred as set forth herein, Appellant respectfully request this Honorable Court to:

1. Reverse the Summary Judgment and render judgment in favor of Appellant that Appellee take nothing.

2. Alternatively, reverse the Summary Judgment and:
   a. remand this case for a new trial on all issues;
   b. remand the case to the Trial Court with instructions to conduct a jury trial on the disputed fact issues determined by this Honorable Court; or
   c. remand the case to the Trial Court with instructions to conduct a jury trial on the issues of misapplication of law by the Trial Court, as determined by this Honorable Court.

Respectfully submitted,
THE HOLMES LAW FIRM, INC.

By: /s/ Robert H. Holmes
        Robert H. Holmes
State Bar No. 09908400
3401 Beverly Drive
Dallas, Texas 75205

16

Telephone: 214-384-3182
email: rhholmes@swbell.net
ATTORNEY FOR APPELLANT

**APPELLANT'S RULE 9.4 CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations of Rule 9.4 because it contains words 3,771, excluding the parts of the brief exempted by the rule.

/s/ Robert H. Holmes
Robert H. Holmes

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been delivered to the attorney of record for, by electronic service using eFileTexas, on April 27, 2015.

/s/ Robert H. Holmes
Robert H. Holmes