Donald M. MAREK, Appellant,

v.

TOMOCO EQUIPMENT COMPANY, Appellee.

No. C14–86–744–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 2, 1987.

Merry Miller, Houston, for appellant.

D. Ferguson McNeil, Terrie S. Gerlich, Houston, for appellee.

Before SEARS, JUNELL and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted in favor of Appellee in Appellant's personal injury suit. We hold there is no summary judgment evidence that the hole into which Appellant fell was the same trench dug by Appellee. Therefore, we affirm.

On July 8, 1983, Appellant rode his bicycle into an unmarked and unbarricaded trench in the street. Appellant sued the City of Friendswood, Mr. Tracy Spears, the general contractor of a house under construction and Appellee, the subcontractor hired to install a line from the city sewer to the house.

Appellee filed a Motion for Summary Judgment alleging its sewer line excavation was commenced, completed and refilled on June 16, 1983. Appellee further alleged that this excavation was at an entirely different location from that alleged as the site of Appellant's accident. Appellee relied upon the pleadings, depositions on file and the affidavit of its owner, Mr. Wyatt Myron Tompkins, in support of the summary judgment motion. Appellant offered no evidence prior to the hearing on the motion. The trial court granted Appellee's motion on January 15, 1986, and on June 27, 1986, severed its cause from the remaining defendants, thus allowing this summary judgment to become final. Appellant's Motion for New Trial was subsequently overruled.

Appellant asserts seven points of error. Points of error two, three and five attack the legal sufficiency of the summary judgment evidence. Appellant asserts in point of error three that this court should consider three depositions that were filed *subsequent* to the entry of the judgment in determining whether the summary judgment was appropriate. The depositions of Mr. Tracy Spears and Mr. David Fowler, an inspector for the City of Friendswood, were filed on August 15, 1986. The deposition of Reverend Alan Lloyd Jandl was filed on October 1, 1986. These dates are seven to eight and one-half months *after* the summary judgment was entered.

To be used as summary judgment evidence, depositions must be filed with the trial court at the time the motion is heard. *Nicholson v. Memorial Hospital System*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Velde v. Swanson*, 679 S.W.2d 627, 630 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, no writ). The trial court considers the record only as it properly appears when the motion for summary judgment is heard. *Nicholson v. Memorial Hospital System*, 722 S.W.2d at 749; *Brown v. Prairie View A & M University*, 630 S.W.2d 405, 411 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). These three depositions were not part of the record before the trial court and will not be considered on this appeal. *Lee v. McCormick*, 647 S.W.2d 735, 736 (Tex.App.—Beaumont 1983, no writ).

Appellant also asserts that he should be entitled to rely on the answers to interrogatories of Mr. Tracy Spears which were on file in the trial court at the time

the summary judgment was heard. However, Rule 168 provides that, "answers ... [to interrogatories] may be used only against the party answering the interrogatories." Tex.R.Civ.P. 168; *Stone v. Lawyers Title Ins. Corp.*, 537 S.W.2d 55, 62 (Tex.App.—Corpus Christi 1976), *affirmed in part and reversed and remanded in part*, 554 S.W.2d 183 (1977); *United Services Automobile Ass'n v. Ratterree*, 512 S.W.2d 30, 33 (Tex.App.—San Antonio 1974, writ ref'd n.r.e.); *Aetna Life & Cas. Co. v. Hampton State Bank*, 497 S.W.2d 80, 87 (Tex.App.—Dallas 1973, writ ref'd n.r.e.). Mr. Spears answers may not be used against Appellee. Point of error three is overruled.

■ In reviewing the record, we noted that the copy of Mr. Tompkins' affidavit initially included in the transcript lacked the signature of a notary public. However, the transcript has been supplemented to include a properly notarized copy. Appellant objected to the filing of this supplemental transcript on the basis that the notarized copy was filed in the trial court after the summary judgment was entered. Our examination of the transcript reveals that Appellant is mistaken as to the date on which the summary judgment was entered. Appellant asserts that summary judgment was granted on November 11, 1985. The record reflects: the motion for summary judgment was heard on November 11, 1985; letter briefs were thereafter submitted by both parties at the trial court's request; the notarized affidavit of Mr. Tompkins was filed on January 5, 1986, and; the summary judgment was signed on January 15, 1986. As a general rule, the trial court only considers record as it properly appears when the motion for summary judgment is heard. *Nicholson v. Memorial Hospital System*, 722 S.W.2d at 749; *Brown v. Prairie View A & M University*, 630 S.W.2d at 411. However, it is within the trial court's discretion whether to consider pleadings and affidavits filed after the motion for summary judgment is heard but before the summary judgment is entered. *See Boston Sea Party of Houston, Inc. v. Argovitz*, 583 S.W.2d 465 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ);

*Aztec Pipe & Supply Co., Inc. v. Sundance Oil Co.*, 568 S.W.2d 401, 403 (Tex. Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Rule 166–A(c) allows the trial court to consider affidavits "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court." Tex.R.Civ.P. 166–A(c). The file mark on the notarized affidavit bears the handwritten notation filed "by Court". We hold that this is sufficient evidence that the document was filed with the court's permission. We find no abuse of discretion and hold that the affidavit of Mr. Tompkins is proper evidence in this appeal.

■ Appellant also attacks the legal sufficiency of the Tompkins affidavit because the affiant, as owner of Appellee, is an interested party. Rule 166–A(c) provides that: "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.P. 166–A(c); *Republic National Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986); *Barham v. Sugar Creek National Bank*, 612 S.W.2d 78, 80 (Tex.App.—Houston [14th Dist.] 1981, no writ).

Mr. Tompkins affidavit states that: Tomoco was contracted to excavate and install sewer pipe to service a residence located at 207 Sunset, Friendswood, Texas; that the work was started and completed, including refilling of the excavation, on June 16, 1983; that the site of the Tomoco excavation was approximately 410 feet from the intersection of Pine Hollow and Sunset; and, that once the sewer pipe was installed and the excavation filled it was inspected by Mr. David Fowler, an inspector for the City of Friendswood. We hold that these are matters which are readily controvertible and are factual statements in compliance with the requirements of Rule 166–A(c).

■ In points of error two and five, Appellant contends that the affidavit is not based on the affiant's personal knowledge

and contains inadmissible hearsay. To be competent as summary judgment evidence, an affidavit must affirmatively show that it is based on the personal knowledge of the affiant and state facts in a form that would be admissible in evidence at a trial. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Woods and Perry v. Applemack Enterprises, Inc.,* 729 S.W.2d 328 (Tex.App.—Houston [14th Dist.] 1987, no writ). Appellant asserts that the affidavit does not affirmatively illustrate how Mr. Tompkins gained knowledge that "the excavation was filled and inspected by David Fowler, an Inspector for the CITY OF FRIENDSWOOD." The affidavit identifies the affiant as the owner of Appellee and states that he has personal knowledge of every statement contained in the affidavit. In the absence of any evidence to the contrary, this is sufficient to satisfy the requirements of Rule 166–A. *Requipco, Inc. v. Am–Tex Tank & Equipment, Inc.,* 738 S.W.2d 299 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Barham v. Sugar Creek National Bank,* 612 S.W.2d at 80; *Larcon Petroleum, Inc. v. Autotron Systems, Inc.,* 576 S.W.2d 873, 876–877 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). Points of error two and five are overruled.

In points of error one and four Appellant asserts that the summary judgment evidence before the trial court was legally insufficient to sustain the judgment. The basis for Appellee's motion for summary judgment was: (1) that the excavation it made was at a different location from the excavation described by Appellant as the cause of his accident, and (2) that Appellee's excavation was completed and refilled twenty-two days before Appellant's accident. Mr. Tompkins affidavit reads in pertinent part:

> Tomoco Equipment Company was asked by Tracy Spears of Energy Homes to make an excavation in order to provide sewer service to a residence located at 207 Sunset, Friendswood, Texas. Tomoco Equipment Company started and completed its work in connection with such excavation at 207 Sunset on June 16, 1983. Once the sewer pipe was installed, the excavation was filled and inspected by David Fowler, an inspector for the City of Friendswood.
> The excavation performed by Tomoco Equipment Company on June 16, 1983, was just off Sunset approximately 410 feet from the intersection of Pine Hollow and Sunset. Moreover, the excavation made by Tomoco Equipment Company occurred twenty-two (22) days before the time of the accident in question.

The affidavit denies that the trench excavated by Appellee was the hole into which Appellant rode his bicycle. We hold these to be clear, positive and direct statements of fact.

Appellant asserts that his deposition testimony shows that the excavation performed by Appellee was not filled on June 16, 1983. However, a review of his testimony reveals only that a week or ten days before the accident he saw a house under construction with a trench in front. He also testified that he did not know by whom or for what purpose the trench had been dug:

Q: I'm asking you do you know of your own knowledge what caused the hole?

A: Somebody dug a trench to hook up a water or gas line or—sewer line.

Further, Appellant was unable to identify the site of his accident:

Q: Mr. Marek, this accident that you had occurred in front of a house that was under construction; is that correct?

A: Yes.

Q: Do you know the address of that house?

A: No.

Q: Do you know any nearby address or an approximate address?

A: No, sir.

Q: Do you know of any landmark or anything that could identify where this accident occurred?

A: No, sir.

Appellant did not allege that his accident occurred in front of 207 Sunset in any of his pleadings. He did not produce any evidence that the trench into which he fell was dug by Appellee or that there were no

other trenches or houses under construction on that street. Appellant was unable to state whether the trench he fell into was excavated for gas, water or sewer lines. He testified that he did not return to the scene of his accident for two weeks and that when he did, there were no trenches that he could identify as causing his accident. In short, Appellant produced *no* evidence that the trench into which he rode his bicycle was dug by Appellee.

The evidence shows that Appellee dug a trench 410 feet from the intersection and refilled it on June 16, 1983; that Appellant rode his bike into a trench approximately 200 feet from this same intersection on July 8, 1983; and, that both trenches were located in front of houses under construction. No genuine issue of fact exists as to the location of Appellee's excavation or the date on which it was filled.

Appellant further complains of a statement in Appellee's affidavit: "In my opinion as a contractor, all the work performed by Tomoco Equipment Company in connection with the excavation on June 16, 1983 was performed in a reasonable and prudent manner and was well within the standard of care for a reasonable contractor working under the same or similar circumstances." He contends it sets forth a legal conclusion and that a fact issue exists as to whether the work performed met the required standard of care. We find the manner in which Appellee dug or filled its trench is not material when there is no evidence that this was the trench that caused Appellant's accident. The right to summary judgment is not defeated by the existence of an immaterial fact issue. *Borg-Warner Acceptance Corp. v. C.I.T. Corp.,* 679 S.W.2d 140, 144 (Tex.App.— Amarillo 1984, writ ref'd n.r.e.). We hold that Appellee's evidence was sufficient to establish Appellee's right to summary judgment and that Appellant failed to raise any genuine issue of material fact to defeat this right. Points of error one and four are overruled.

In points of error six and seven Appellant contends that the trial court erred in granting the Order of Severance and in overruling Appellant's Motion for New Trial because material fact issues existed as to Appellee's liability for Appellant's injury. Appellant attempted to raise these fact issues in his Motion for New Trial through the deposition testimony of Mr. David Fowler, Mr. Tracy Spears and Rev. Alan Jandl. As previously noted, these depositions were filed several months after summary judgment was entered. When a motion for a new trial is filed after summary judgment has been granted, the trial court may only consider the record as it existed prior to the granting of summary judgment. *Hill v. Milani,* 678 S.W.2d 203, 205 (Tex.App.—Austin 1984), *affirmed,* 686 S.W.2d 610 (Tex.1985); *Parchman v. United Liberty Life Ins. Co.,* 640 S.W.2d 694, 696 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The trial court did not err in overruling the Motion for New Trial and in entering the Order of Severance. Points of error six and seven are overruled. Accordingly, the judgment of the trial court is affirmed.