

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-19-00722-CV

Eric **LÓPEZ**,
Appellant

v.

**ROCKY CREEK PARTNERS, LLC**,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-13865
Honorable Laura Salinas, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 31, 2021

AFFIRMED IN PART, AND REVERSED IN PART

Appellee Rocky Creek Partners, LLC sued Appellant Eric López on a default of a promissory note. Rocky Creek filed a motion for summary judgment, to which López did not respond. The trial court granted the motion for summary judgment. López then filed a motion for new trial, which was denied by operation of law. López now appeals, arguing that his trial attorney withdrew days before the hearing on the motion for summary judgment without proper notice to him, that the trial court abused its discretion by granting the withdrawal, and that the trial court

improperly granted Rocky Creek's motion for summary judgment and attorney's fees. We affirm the trial court's order in part and reverse in part.

## BACKGROUND

López and his business partner, Adrian Martínez, were members of and partners in a limited liability corporation that leased its premises from Rocky Creek. Martínez and López executed a promissory note payable to Rocky Creek in the amount of $56,000 for tenant improvements. Martínez and López defaulted on the promissory note, and Rocky Creek sued them pursuant to the terms of the note.[1]

A day before an answer to the petition was due, López and Martínez hired an attorney ("the trial attorney") to represent them and the business. The trial attorney filed a timely answer, which included affirmative defenses and verified denials. Subsequently, Rocky Creek served the trial attorney with interrogatories, requests for production and requests for admission, which went unanswered. Rocky Creek then filed a traditional motion for summary judgment against all defendants. Rocky Creek's motion relied on, among other evidence, the deemed admissions against López as evidence supporting its motion for summary judgment. Rocky Creek served the motion and the notice of hearing on the trial attorney.

Before the hearing on the motion for summary judgment, the trial attorney filed a motion to set aside deemed admissions and a motion to continue the summary judgment hearing. After hearing the arguments, the trial court granted the motion to set aside the deemed admissions and continued the summary judgment hearing to another day.

Six days before the newly scheduled summary judgment hearing, the trial attorney filed a motion to withdraw from the case. In his motion, the trial attorney gave two main reasons for his

---

[1] The lawsuit included a cause of action against Martínez and the limited liability corporation for breach of the lease agreement not at issue in this appeal.

withdrawal: (1) that his clients refused to participate in the defense of the lawsuit, placing the attorney at risk of being sanctioned for failing to answer Rocky Creek's discovery requests, and (2) that they ignored his request to execute their employment contract and pay his retainer fee. The trial attorney avowed in his motion to withdraw that he notified his clients in writing of their right to object to the motion and that he provided their contact information to the court. After López and Martínez failed to file any objection or a response to the motion to withdraw, the trial court granted the motion. Neither López nor Martínez appeared at the hearing.

López later filed a timely motion for new trial arguing that he was unaware of the developments in the case until notified by the court. López's motion for new trial was not verified and did not contain supporting evidence. Further, the record does not show that a hearing on the motion for new trial was set. The motion was denied by operation of law. López then filed a timely notice of appeal.

### ISSUES ON APPEAL

On appeal, López raises four issues: (1) that his trial attorney improperly pleaded his motion to withdraw and failed to provide López with adequate notice as required under Rule 10 of the Texas Rules of Civil Procedure, (2) that the trial court abused its discretion by granting the motion to withdraw and, because of his trial attorney's withdrawal, he suffered harm, (3) that the trial court erred in granting the motion for summary judgment on the attorney's fees, and (4) that the trial court erred in granting the motion for summary judgment because Rocky Creek failed to carry its burden to prove there was no issue of material fact given that López filed verified denials.

We start our analysis by addressing the first two issues as one.

**MOTION TO WITHDRAW**

### A.     Parties' Arguments

López argues because his trial attorney failed to comply with the requirements under Rule 10 of the Texas Rules of Civil Procedure when he filed his motion to withdraw, the trial court abused its discretion by granting the motion, which resulted in harm to López.

Rocky Creek argues that López failed to preserve the Rule 10 argument in his motion for new trial and, in the alternative, that he showed no harm to warrant reversal.

We agree that López failed to preserve for review any argument relating to the motion to withdraw.

### B.     Standard of Review

"We review the trial court's ruling granting a motion to withdraw as counsel for an abuse of discretion." *Jackson v. Jackson*, 556 S.W.3d 461, 467 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing *Harrison v. Harrison*, 367 S.W.3d 822, 826 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)). An abuse of discretion "is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985) (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939)). A trial court does not abuse its discretion so long as it does not act in an arbitrary or capricious manner. *Id*. at 242 (citing *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984); *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex. 1970)).

### C.     Preservation of Complaint

To preserve a complaint for review, an appellant must make a timely motion or objection to the trial court that "state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *accord City of*

*San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 756 (Tex. 2003). If an appellant's motion for new trial is denied by operation of law, then the appellant's issue is only preserved if the complaint was properly made in the motion and no taking of evidence "was necessary to properly present the complaint in the trial court." TEX. R. APP. P. 33.1(b); *Action Powersports, Inc. v. 1STEL, Inc.*, 500 S.W.3d 632, 637 (Tex. App.—Texarkana 2016, no pet.); *In re Marriage of Parker*, 20 S.W.3d 812, 815 (Tex. App.—Texarkana 2000, no pet.).

### D.    López's Motion for New Trial

The motion for new trial is devoid of any claim that the trial attorney's motion to withdraw should have been rejected by the trial court pursuant to Rule 10. *Contra* TEX. R. APP. P. 33.1(a)(1)(A); *Gadberry Constr. Co., Inc. v. Raney*, No. 02-18-00263-CV, 2019 WL 3244519, at *2 (Tex. App.—Fort Worth July 18, 2019, no pet.) (mem. op.) (citing *Rogers v. Clinton*, 794 S.W.2d 9, 10 n.1 (Tex. 1990) (mem. op.)). Because López's motion for new trial failed to raise a Rule 10 complaint he did not preserve his claim of error for our review. *Contra* TEX. R. APP. P. 33.1(a)(1)(A); *Gadberry Constr. Co.*, 2019 WL 3244519, at *2 (citations omitted). We overrule López's first and second issues.

We next address López's fourth issue relating to the summary judgment.

**MOTION FOR SUMMARY JUDGMENT**

### A.    Parties' Arguments

López argues that, despite his failure to respond to Rocky Creek's motion for summary judgment, the evidence in the record was insufficient for the trial court to grant Rocky Creek's motion, including an award of attorney's fees.

Rocky Creek argues that the evidence was sufficient to support the trial court's ruling, and that López's verified denials from his original answer did not raise a genuine issue of material fact.

**B.** **Standard of Review**

"We review the trial court's summary judgment de novo." *Julka v. U.S. Bank Nat'l Ass'n*, 516 S.W.3d 84, 87 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). In a traditional motion for summary judgment, the movant must produce summary judgment evidence that shows no genuine issue of material fact, and the movant must establish that he is entitled to judgment as a matter of law. *SeaBright Ins. Co. v. López*, 465 S.W.3d 637, 641 (Tex. 2015) (citing Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) (citing Tex. R. Civ. P. 166a(c); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Calvillo v. Gonzalez*, 922 S.W.2d 928, 929 (Tex. 1966)). "If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)); *accord López v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 841 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Ballard v. Arch Ins. Co.*, 478 S.W.3d 950, 953 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).

If the nonmovant fails to raise a genuine issue of material fact, summary judgment is proper. *See Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989); *Hamamcy v. Wyckoff Heights Hosp.*, 786 S.W.2d 32, 34 (Tex. App.—Fort Worth 1990, writ denied). To determine whether a material fact issue was raised, we review the evidence in the light most favorable to the nonmovant. *SeaBright Ins. Co*, 465 S.W.3d at 641 (citing *Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848)); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex. 1987)).

When reviewing the evidence, we are cognizant that general or verified denials in an answer are not summary judgment evidence, *see Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 835 (Tex. App.—Dallas 2014, no pet.) (citing *United Bus. Machs. v. Entm't Mktg., Inc.*, 792 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1990, no writ) (pleadings are not summary judgment evidence)), but affidavits attached to the pleadings may be considered summary judgment evidence, *see Marek v. Tomoco Equip. Co.*, 738 S.W.2d 710, 713 (Tex. App.—Houston [14th Dist.] 1987, no writ) (citing *Nicholson v. Mem'l Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Brown v. Prairie View A & M Univ.*, 630 S.W.2d 405, 411 (Tex. App.—Houston [14th Dist.] 1928, writ ref'd n.r.e)).

## C. Promissory Note

The specific proof required to enforce a promissory note is composed of four elements: (1) a note exists, (2) the plaintiff is the legal owner and holder of the note, (3) the defendant is the maker of the note, and (4) a certain balance remains due and owing on the note. *Suttles v. Thomas Bearden Co.*, 152 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ)). A plaintiff may satisfy these proof requirements by submitting a photocopy of the promissory note attached to an affidavit in which the affiant swears to facts supporting the elements, including "that the photocopy is a true and correct copy of the original note . . . ." *See Blankenship*, 899 S.W.2d at 238 (citing *Life Ins. Co. of Virginia v. Gar-Dal, Inc.*, 570 S.W.2d 378, 380 (Tex. 1978); *Clark v. Dedina*, 658 S.W.2d 293, 296 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd)).

Here, attached to its motion for summary judgment, Rocky Creek included evidence showing that it had entered into a five-year lease agreement with López's limited liability corporation and that López and Martínez personally executed a promissory note for improvements to Rocky Creek's property in the amount of $56,000. *See Marek*, 738 S.W.2d at 712 (proper

summary judgment evidence). Rocky Creek's accountant submitted an affidavit attesting to the execution of the promissory note for improvements to the rental property. *See id*. (considering record affidavits as summary judgment evidence). He swore that the attached promissory note was a true and correct copy of the original note. *See Blankenship*, 899 S.W.2d at 238 (satisfies note enforcement element). Rocky Creek's evidence further showed that López and Martínez abandoned the rental property and defaulted on the promissory note, which then accrued interest at a rate of 3% per annum, so that the total unpaid principal and interest on the promissory note at the time the motion for summary judgment was filed equaled $62,548.50.

## D.  Granting Summary Judgment

The trial court's order granting the summary judgment specifically states that the court considered all the pleadings and official records in the case, but its order expressly states it did not consider López's withdrawn deemed admissions or the corresponding evidence and arguments of counsel. *See Marek*, 738 S.W.2d at 712 (properly considered record). As stated, López did not file a response to the motion for summary judgment. In his original answer, however, López asserted the following verified denials:

1. Rocky Creek was not entitled to recover in the capacity in which it sued, or López was not liable in the capacity in which he was sued.

2. The promissory note in question contained material defects and was not valid or enforceable.

3. The note lacked consideration, or the consideration failed.

4. Rocky Creek's contract was usurious, the damages provision was unenforceable, and enforcement would be against public policy.

Because López did not provide sworn facts supporting each verified denial, we do not consider any verified denial as summary judgment evidence. *See Laidlaw Waste Sys. (Dallas)*,

*Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified.") (citing *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971)); *Woodhaven Partners*, 422 S.W.3d at 835 (concluding that nonmovant's verified denial did not raise an issue of fact to defeat summary judgment). Though it is possible to find instances in which sworn or verified pleadings were accepted as summary judgment evidence, the Texas Supreme Court disapproved the practice, declining to reconsider when the example before them was conclusory and did not set forth facts. *Laidlaw*, 904 S.W.2d at 660–61 (citing *Hidalgo*, 462 S.W.2d at 545). Similarly, because López's verified denials in his original answer were conclusory and did not set forth facts, we defer to the general rule that such denials do not constitute proof in a summary judgment proceeding. *See id*.

We conclude Rocky Creek produced summary judgment evidence showing no genuine issue of material fact, and that it was entitled to judgment as a matter of law. Based on the summary judgment evidence, even viewed in the light most favorable to López, we conclude the trial court did not err in granting Rocky Creek's motion for summary judgment.

Having concluded that Rocky Creek was entitled to summary judgment on the promissory note, we now turn to the third issue raised by López relating to attorney's fees.

### ATTORNEY'S FEES

#### A.    Parties Arguments

In this third issue regarding attorney's fees, López argues that Rocky Creek's attorney's affidavit was insufficient to establish that his fees were reasonable and necessary, that it failed to segregate fees by task or defendant, and that the trial court abused its discretion by awarding attorney's fees, including a conditional award for appellate attorney's fees. Rocky Creek argues that the attorney's affidavit was sufficient and unchallenged, that the fees were not required to be

segregated, that predetermined appellate fees are regularly upheld, and the trial court did not abuse its discretion in awarding the attorney's fees.

## B.    Standard of Review

We review the trial court's award of attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Id.* at 21 (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997); *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).

## C.    Establishing the Attorney's Fees

Supporting evidence may include an attorney's affidavit, which "can sufficiently establish reasonable attorney's fees on motion for summary judgment," unless the non-movant submits an affidavit challenging the reasonableness of the fees. *Melton v. CU Members Mortg.*, 586 S.W.3d 26, 37 (Tex. App.—Austin 2019, pet. denied) (citing *Am. 10-Minute Oil Change, Inc. v. Metro. Nat'l Bank-Farmers Branch*, 783 S.W.2d 598, 602 (Tex. App.—Dallas 1989, no writ)). The movant bears the burden of proof, and the summary judgment evidence must conclusively establish the amount to which the movant is entitled. *Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 663 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Bocquet*, 972 S.W.2d at 20–21; *Auz v. Cisneros*, 477 S.W.3d 355, 359 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).

To demonstrate reasonableness of a lodestar calculation,[2] the attorney's affidavit should include "documentation of the services performed, who performed them and at what hourly rate,

---

[2] Rocky Creek refers to their attorney's *Andersen* factors, but the attorney relied on an hourly fee calculation for the work he deemed reasonable and necessary in the case. *See Universal MRI & Diagnostics*, 497 S.W.3d at 664–65 (applying *El Apple* to an attorney's hourly rate fee, despite the appearance of *Andersen* factors in the attorney's affidavit).

when they were performed, and how much time the work required." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012). An attorney's sworn statements regarding his experience and knowledge of the customary fee also provide a basis for awarding a requested fee as reasonable. *See Enell Corp. v. Longoria*, 834 S.W.2d 132, 135 (Tex. App.—San Antonio 1992, writ denied).

A movant may be entitled to prospective, conditional appellate fees, *see Hoefker v. Elgohary*, 248 S.W.3d 326, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Sipco Servs. Marine v. Wyatt Field Serv. Co.*, 857 S.W.2d 602, 607 (Tex. App.—Houston [1st Dist.] 1993, pet. dism'd); *Keith v. Keith*, 221 S.W.3d 156, 171 (Tex. App.—Houston [1st Dist.] 2006, no pet.)), but they must be pleaded, *see Pullman v. Brill, Brooks, Powell & Yount*, 766 S.W.2d 527, 530 (Tex. App.—Houston [14th Dist.] 1988) (citing *Johnson v. Universal Life & Acc. Ins. Co.*, 94 S.W.2d 1145, 1146 (Tex. 1936)).

If there are multiple parties to a suit, the movant must generally segregate fees to reflect which party's issues required the attorney's work. *Anderson Mill Mun. Util. Dist. v. Robbins*, 584 S.W.3d 463, 475 (Tex. App.—Austin 2005, no pet.) (citing *Stewart Title Guar. Co., v. Aiello*, 941 S.W.2d 68, 73 (Tex. 1997); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991)). If claims are too interrelated to segregate, then doing so may not be required, *see Sterling*, 822 S.W.2d at 11 (citing *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex. App.—Dallas 1987, writ denied)), but interconnected case facts alone may be an insufficient reason for failing to segregate fees, *see Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006).

D.    **Evidence Supporting Award of Attorney's Fees**

Rocky Creek requested attorney's fees for work performed in the underlying suit against three separate parties. The attorney submitted an affidavit explaining the services performed for Rocky Creek, which included the first set of interrogatories, requests for production, and requests

for admission for each defendant in the suit, as well as a demand letter to the three defendants. *See Melton*, 586 S.W.3d at 37 (proper attorney fee evidence). The affidavit included the attorney's rate for the services of $300 per hour, the dates the work was performed on between June 4 and December 3, 2018, and the time it took to work on the suit, which totaled 13.5 hours. *See El Apple*, 370 S.W.3d at 764 (stating the minimum information required to satisfy a lodestar calculation review). The attorney also stated he has been practicing since 1973 and is familiar with the customary amount charged by attorneys with similar experience, which is typically more than the $300 per hour that he requested. *See Enell Corp.*, 834 S.W.2d at 135 (concluding that an uncontroverted affidavit with similar information was sufficient to support a trial court's award as reasonable). The requested fees totaled $4,816, and López filed no affidavit challenging the reasonableness of the fees. *See Melton*, 586 S.W.3d at 37 (requiring challenge to proper attorney fee evidence).

However, the attorney did not segregate fees related to each defendant in his affidavit, even though the interrogatories listed were separated by defendant, indicating different and distinct tasks that could be segregated. *See Chapa*, 212 S.W.3d at 313–14 (requiring fee segregation where possible). Because López was sued for defaulting on a promissory note and not for breach of contract, attorney's fees related to breach of contract should have been segregated from fees related to López's default. Nevertheless, the trial court awarded the entire requested amount of $4,816 as well as a conditional appellate attorney fee of $7,500. We now vacate the $4,816 award of attorney's fees and remand to the trial court to determine what specific portion López must pay. We also vacate the conditional appellate attorney fee of $7,500, because we see no request in the record to support it.

**CONCLUSION**

López waived his Rule 10 complaint by failing to raise it in his motion for new trial. Further, the summary judgment evidence shows no genuine issue of material fact and, accordingly, Rocky Creek was entitled to judgment as a matter of law. We vacate the award of attorney's fees and remand for a redetermination consistent with this opinion. We conclude that Rocky Creek is not entitled to the prospective appellate attorney's fee award of $7,500 because it was not pled. Thus, we affirm the trial court's judgment in part and reverse in part.

Patricia O. Alvarez, Justice